IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARTIN DWIGHT MCCOMAS, SR.                                    PLAINTIFF

v.                          No. 1:14-cv-82-DPM

STATE AUTO INSURANCE COMPANY,
d/b/a State Auto Finance Corp., State Auto
Property & Casualty Insurance Company,
State Automobile Mutual Insurance Company,
State Auto National Insurance Company,
State Auto Insurance Company of Wisconsin,
Milbank Insurance Company, Farmers Casualty
Insurance Company, Mid-Plains Insurance
Company, Meridian Security Insurance
Company, Meridian Citizens Mutual Insurance
Company, Insurance Company of Ohio, State
Florida Insurance Company                                     DEFENDANT

ORDER

McComas has paid the filing fee and filed a supplement to his complaint. In the absence of any concerted activity with state actors, McComas has no claim under the Fourth Amendment, or 42 U.S.C. § 1983, against State Auto and its affiliates, all of which are private entities. *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558-59 (8th Cir. 1989). Those claims are dismissed as a matter of law. McComas might have a claim under 42 U.S.C. § 1981, which implements the Fourteenth Amendment, if State Auto

interfered with his right to enforce his insurance contract because of his race. *Ellis v. Houston*, 742 F.3d 307, 318 (8th Cir. 2014). This § 1981 claim is not adequately pleaded at this point. McComas has until 29 August 2014 to amend his complaint further with any race-related allegations he believes are true. Any amended complaint must include all particulars about which defendants did what.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

18 August 2014